IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,584-02






EX PARTE TRAMAINE D. BURNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0893961 IN THE CRIMINAL DISTRICT COURT NO. 4


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault with a deadly weapon and sentenced to forty-eight (48) years' imprisonment. The Second
Court of Appeals affirmed his conviction. Burns v. State, 2006 WL 412973, No. 02-04-601-CR
(Tex. App. - Fort Worth Feb. 23, 2006) (not designated for publication).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. A letter from appellate
counsel to the State Bar of Texas indicates that counsel failed to timely notify Applicant that his
conviction had been affirmed. Based on this record, the trial court has entered findings of fact and
conclusions of law that appellate counsel failed to timely notify Applicant that his conviction had
been affirmed. The trial court recommends that relief be granted. Ex parte Wilson, 956 S.W.2d 25
(Tex. Crim. App. 1997).

 We agree that Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). The current record supports the trial court's findings. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
However, appellate counsel has not had an opportunity to respond to Applicant's claim in the context
of habeas corpus review. The trial court shall provide appellate counsel with an opportunity to
respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After appellate counsel has had an opportunity to respond to Applicant's claim, the trial court
shall review its findings of fact as to whether Applicant's appellate counsel timely informed
Applicant that his conviction had been affirmed on appeal. The trial court may confirm or modify
these findings and make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, if any,
shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 



Filed: March 21, 2007

Do not publish